IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FRANCIS HALL, | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | |
| | : | |
| EQUIFAX INFORMATION | : | NO. 15-2938 |
| SERVICES LLC, et al., | : | |
| | : | |
| **Defendants.** | | |

## MEMORANDUM

**Stengel, J.**                                                                                     **August        , 2016**

The plaintiff, Francis Hall, filed this action against Equifax Information Services,

Berks Credit & Collection and Reading Health System ("RHS") alleging violations of the

Fair Credit Reporting Act ("FCRA"), the Fair Debt Collection Practices Act ("FDCPA"),

the Pennsylvania Fair Credit Extension Uniformity Act ("FCEUA") and the Pennsylvania

Unfair Trade Practices and Consumer Protection Law ("UTPCPL").  The plaintiff filed

an amended complaint on December 1, 2015, and Equifax Information Services and

Berks Credit & Collection filed separate answers.  Presently before the Court is RHS's

motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal

Rules of Civil Procedure.  For the reasons discussed below, I am denying the defendant's

motion to dismiss.

## I.      BACKGROUND

In February 2012, Hall was severely injured in an accident and was treated at Reading Hospital for these injuries.  Pl.'s Am. Compl. ¶¶ 13-14.  In October 2012, Hall told Reading Hospital that his medical bills would be paid through the proceeds of a personal injury claim that he had filed.  Id. at ¶ 15.  In May 2014, Hall and Reading Hospital agreed to a payment amount which would satisfy the medical debt that Hall incurred for his treatment in 2012.  Id. at ¶ 16.  This agreement was placed in writing and stated that the debt that Hall had incurred for his treatment between February 25, 2012 and May 7, 2012 would be satisfied by the agreement and thereafter, Hall's account would reflect a zero balance for treatment given between February 25, 2012 and May 7, 2012.  Id. at ¶ 17.

In June of 2014, Hall received the proceeds from his personal injury lawsuit, and pursuant to the written agreement with Reading Hospital, Hall paid his debt in full to Reading Hospital.  Id. at ¶ 18.  Although Hall paid his debt in full with Reading Hospital, Reading Hospital did not close Hall's debt and continued to attempt to collect on the debt.  Id. at ¶¶ 19-20.  By the end of June 2014, Reading Hospital assigned Hall's debt to Berks Credit & Collection ("Berks Credit"), a debt collector, who immediately began its own collection attempts.  Id. at ¶ 21.  During its collection attempts, Berks Credit began to report Hall's "satisfied" debt as unsatisfied debt to the credit reporting agencies.  Id. at ¶ 22.  Despite repeated notifications from Hall that his debt had already been satisfied, Berks Credit refused to close Hall's account or to report Hall's debt to credit reporting

2

agencies as paid.  Id. at ¶¶ 22-23.  The credit reporting agencies, namely Equifax,

continue to distribute this inaccurate information.  Id. at ¶¶ 24-27.

Hall filed a complaint on May 26, 2015, and an amended complaint on December

1, 2015, seeking to hold RHS, Berks Credit and Equifax liable for violations of the

FCRA, the FDCPA, the FCEUA, and the UTPCPL.  Berks Credit filed their answer on

December 9, 2015 and Equifax filed their answer on December 15, 2015.  RHS filed a

motion to dismiss on December 21, 2015.

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure

for failure to state a claim upon which relief can be granted examines the legal

sufficiency of the complaint.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  Following

the Supreme Court decisions in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555

(2007) and Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009), pleading standards in federal

actions have shifted from simple notice pleading to a more heightened form of pleading,

requiring a plaintiff to allege facts sufficient to show that the plaintiff has a "plausible

claim for relief."  Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).  A

facially plausible claim may not be supported by conclusory allegations, but must allow

the court "to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Iqbal, 556 U.S. at 678.

When presented with a motion to dismiss for failure to state a claim under Rule

12(b)(6), district courts should conduct a three-part analysis.  Benner v. Bank of America,

N.A., 917 F.Supp.2d 338, 350 (E.D. Pa. 2013).  The court must:  "(1) identify[] the

elements of the claim, (2) review[] the complaint to strike conclusory allegations, and

then (3) look[] at the well-pleading components of the complaint and evaluate[] whether

all of the elements identified in part one of the inquiry are sufficiently alleged."  Malleus

v. George, 641 F.3d 560, 563 (3d Cir. 2011).

      "Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a short

and plain statement of the claim showing that the plaintiff is entitled to relief." Iqbal, 556

U.S. at 677-78.  While Federal Rule of Civil Procedure 8(a)(2) does not require the

plaintiff to plead detailed factual allegations, it does demand "more than an unadorned,

the-defendant-unlawfully-harmed-me accusation."  Id. at 678.  In other words, a pleading

that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause

of action will not do."  Twombly, 550 U.S. at 555.  Moreover, a pleading is not sufficient

if it tenders "naked assertion[s]" devoid of "further factual enhancement."  Id.

## III.    DISCUSSION

      Hall's amended complaint alleges that RHS violated Pennsylvania's FCEUA and

UTPCPL when RHS continued to attempt to collect Hall's debt despite having

represented to Hall that his debt would be satisfied upon payment pursuant to their

written agreement.  RHS moves to dismiss Hall's amended complaint for failure to state a

claim upon which relief can be granted.  RHS argues that Hall failed to allege that he

justifiably relied on any conduct of RHS or that he suffered an ascertainable loss.  RHS

claims that justifiable reliance and ascertainable loss are "conditions precedent to

recovery under the theories of liability asserted against Reading Hospital."  Def's Mot. to

Dismiss 2.  Accordingly, RHS states that Hall's allegations against them are insufficient

as a matter of law to establish a claim for violation of the FCEUA and the UTPCPL.

The FCEUA prohibits unfair or deceptive acts or practices in the collection of

debt.  73 P.S. § 2270.2.  Section 2270.4 of the FCEUA "establishes rules for creditors,

setting forth what constitutes unfair or deceptive acts or practices."  Levy-Tatum v.

Navient and Sallie Mae Bank, No. CIV. A.15-3794, 2016 WL 75231, *9 (E.D. Pa. Jan. 7,

2016).  Specifically, § 2270.4 prohibits debt collectors from "engag[ing] in any conduct

the natural consequence of which is to harass, oppress or abuse any person in connection

with the collection of a debt," 73 P.S. § 2270.4(b)(4); from "us[ing] any false, deceptive

or misleading representation or means in connection with the collection of any debt," 73

P.S. § 2270.4(b)(5); or from "us[ing] unfair or unconscionable means to collect or

attempt to collect any debt," 73 P.S. § 2270.4(b)(6).  The enforcement provision of the

FCEUA states that "[i]f a debt collector or creditor engages in an unfair or deceptive debt

collection act or practice under this act, it shall constitute a violation of the [UTPCPL]."

73 P.S. § 2270.5(a).  Essentially, this language indicates that the FCEUA "does not

provide individuals with the right to institute private causes of action for violations," and

therefore, "individual plaintiffs must use 73 P.S. § 201-9.2, the remedial provision of the

UTPCPL, to obtain relief."  Benner, 917 F.Supp.2d at 359.

The UTPCPL, like the FCEUA, is "a remedial statute intended to protect

consumers from unfair or deceptive practices or acts" in the conduct of trade or

commerce.  Balderston v. Medtronic Sofamor Danek, Inc., 152 F.Supp.2d 772, 776 (E.D.

Pa. 2001).  Section 201-2(4) of the UTPCPL "lists specific unfair methods of competition

and unfair or deceptive acts or practices, and includes a catchall provision."  Hunt v. U.S.

Tobacco Co., 538 F.3d 217, 221 (3d Cir. 2008).  The remedial provision of the UTPCPL,

73 P.S. § 201-9.2, creates a private cause of action for "[a]ny person who purchases or

leases goods or services. . . and thereby suffers any ascertainable loss . . ., as a result of

the use or employment by any person of a method, act or practice declared unlawful by

section 3 of this Act."  73 P.S. § 201-9.2(a).  To establish a claim under the UTPCPL for

deceptive conduct, a plaintiff must demonstrate:  "(1) a deceptive act that is likely to

deceive a consumer acting reasonably under similar circumstances; (2) justifiable

reliance; and (3) that the plaintiff's justifiable reliance caused ascertainable loss."

Slapikas v. First American Title Ins. Co., 298 F.R.D. 285, 292 (W.D. Pa. 2014)(citing

Seldon v. Home Loan Servs., 647 F.Supp.2d 451, 470 (E.D. Pa. 2009).

     In response to the defendant's motion to dismiss, Hall denies that he is required to

plead justifiable reliance or ascertainable loss.  Hall points to § 2270.5(a) of the FCEUA

which states that if "a debt collector or creditor engages in an unfair or deceptive debt

collection act or practice under this act, it shall constitute a violation of the [UTPCPL]."

73 P.S. § 2270.5(a).  Hall interprets this language to mean that "[a]n [sic] FCEUA

violation is a *per se* violation of the UTPCPL" and therefore, "[b]y sufficiently pleading

that Reading Hospital has violated the FCEUA, Plaintiff has satisfied the pleading

requirements for the UTPCPL."  Pl.'s Resp. 6-7.

Contrary to Hall's contention, a plaintiff bringing a FCEUA claim under the UTPCPL's remedial provision is required to plead both justifiable reliance and ascertainable loss.  In Kern v. Lehigh Valley Hosp., Inc., 108 A.3d 1281 (Pa. Super. Ct. 2015), the Pennsylvania Superior Court stated:

> The inclusion of a violation of the FCEUA as also being a violation of the UTPCPL, evinces a clear intent by our Legislature that FCEUA claims be treated in the same manner as other private action claims under the UTPCPL. . . . As a private action under Section 201-9.2 of the UTPCPL, FCEUA claims therefore must plead that a plaintiff suffered an ascertainable loss as a result of a defendant's prohibited action.  As stated earlier, this requires that justifiable reliance be pled.

Id. at 1290.  Simply stated, the Kern court clarified that a plaintiff proceeding under the UTPCPL's remedial provision on a FCEUA claim must plead an ascertainable loss resulting from justifiable reliance on the defendant's conduct in order to survive a Rule 12(b)(6) motion.  Courts have consistently adopted Kern's interpretation of the pleading requirements under the FCEUA and UTPCPL and required plaintiffs asserting FCEUA claims under the UTPCPL's remedial provision to plead ascertainable loss and justifiable reliance.  See Kaymark v. Bank of America, N.A., 783 F.3d 168, 182 (3d Cir. 2015)(finding that Kern's interpretation of the pleading requirements for FCEUA claims brought under the UTPCPL is "persuasive and indeed, logical."); Walkup v. Santander Bank, N.A., No. CIV. A.15-3929, 2015 WL 7770072, *4-*5 (E.D. Pa. Dec. 3, 2015) (requiring the plaintiff to plead both ascertainable loss and justifiable reliance).

Therefore, Hall's FCEUA and UTPCPL claims may only proceed if he has set forth

sufficient factual allegations demonstrating ascertainable loss and justifiable reliance.[1]

### A.    Ascertainable Loss

Hall claims that his injuries consist of:  (1) increased interest rates and payments

on his current automobile loan; (2) fees associated with disputing the inaccurate debt and

credit information; and (3) legal fees.  Pl.'s Am. Compl. ¶ 41.  While the Pennsylvania

Supreme Court has not yet specifically identified what constitutes "ascertainable loss"

under the UTPCPL, federal courts in this district and lower Pennsylvania state courts

require that the loss asserted be "an actual, non-speculative, loss of money or property."

Levy-Tatum, 2016 WL 75231, at *9.  Thus, Hall is required to plead facts demonstrating

an ascertainable loss by "point[ing] to money or property that he would have had but for

the defendant's [deceptive] actions."  Walkup, 2015 WL 7770072, at *4.

Hall cannot demonstrate ascertainable loss on the basis of legal fees.  Grimes v.

Enterprise Leasing Co. of Phila., LLC, 105 A.3d 1188, 1193 (Pa. 2014) ("Appellee's

reading would allow a plaintiff to manufacture the 'ascertainable loss' required to bring a

private UTPCPL claim simply by obtaining counsel to bring a private UTPCPL claim;

---

[1]     RHS's briefing also raises issues regarding the distinction between the pleading requirements for a claim of
deceptive conduct and a claim for fraudulent conduct under the UTPCPL's catch-all provision.  According to RHS,
Hall's claim "largely arises from allegedly fraudulent conduct," rather than deceptive conduct.  Def.'s Reply 3.
Therefore, to the extent Hall alleges fraudulent conduct, Hall must plead the elements of common law fraud in
accordance with Rule 9(b).
        RHS correctly argues that a claim for fraudulent conduct under the UTPCPL requires a plaintiff subjects
the plaintiff to the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure.  Seldon, 647
F.Supp.2d at 469-70 (evaluating the statutory language and legal authority of the Legislature's 1996 amendment to
the UTPCPL).  The Seldon court also stated that a plaintiff does not need to allege the elements of common law
fraud or meet the heightened pleading standards of Rule 9(b) to successfully plead a claim for deceptive conduct
under the UTPCPL.  Id.  In this case, Hall alleges that "Reading Hospital engaged in unfair methods of competition
and unfair or deceptive acts or practices."  Pl.'s Am. Compl. ¶ 69.  Hall alleges that RHS engaged in deceptive
conduct; therefore, he need not meet the heightened pleading standard of Rule 9(b).

we presume that such an unreasonable result was not intended by the General

Assembly."); Levy-Tatum, 2016 WL 75231, at *9 ("Merely retaining counsel to sue

under the UTPCPL is not an ascertainable loss.").  However, Hall's increased interest

rates and payments on his automobile loan, and the fees associated with disputing the

inaccurate debt and credit information are cognizable as a "loss of money or property"

under the UTPCPL at this point in the pleading stage.  Walkup, 2015 WL 7770072, at *4

(finding that the late fees/charges and increased interest rates on the plaintiff's mortgage

loan constituted ascertainable losses for purposes of the plaintiff's UTPCPL claim).

Discovery may later reveal that these injuries are not a result of RHS's alleged violation

of the UTPCPL and at that time, these losses will no longer be recoverable under the

UTPCPL.  For now, I find that these injuries are sufficient to plead ascertainable loss.

### B.    Justifiable Reliance

In addition to demonstrating that he suffered ascertainable losses, Hall must also

set forth sufficient factual allegations showing that "he justifiably relied on the

defendant's wrongful conduct or representation."  Yocca v. Pittsburgh Steelers Sports,

Inc., 854 A.2d 425, 438 (2004); Hunt v. U.S. Tobacco Co., 538 F.3d 217, 221 (3d Cir.

2008).   Hall contends that he justifiably relied upon the agreement that he reached with

RHS regarding the satisfaction of his debt.  According to Hall, RHS agreed that upon

Hall's payment to them, Hall's debt would be satisfied and his account balance would be

zero.  Relying upon that representation, Hall made payment to RHS; however, despite his

payment, RHS continued to collect on that debt, resulting in ascertainable losses to Hall.

RHS argues that Hall cannot establish justifiable reliance on the basis of his payment to satisfy his February 2012 medical debts. According to RHS, Hall's amended complaint does not dispute the validity of the debt owed to them from his February 2012 treatment nor does it allege that Hall paid his debt based upon RHS's fraudulent or deceptive conduct. Thus, Hall cannot allege that he justifiably relied on any fraudulent or deceptive conduct when he paid his medical debt pursuant to the agreement. Rather, RHS contends that the fraudulent and deceptive conduct of which Hall complains is RHS's continued efforts after satisfaction of the agreement to collect a debt which was already paid and their representation to collectors that Hall's debt was still outstanding. Therefore, RHS argues that Hall must plead that he justifiably relied on RHS's post-agreement conduct. RHS states that Hall's amended complaint lacks any factual allegations demonstrating that Hall justifiably relied on RHS's post-agreement conduct.

Viewing the allegations in the light most favorable to Hall, I find that Hall has set forth sufficient factual allegations to establish that he justifiably relied on RHS's representation that his account balance would reflect a zero balance upon payment of his medical debts. Hall's complaint alleges the following:

> 17. The written agreement between Plaintiff and Reading Hospital specified that services rendered by Reading Hospital to Plaintiff on February 25, 2012 and May 7, 2012 would be satisfied by the agreement and reflect a zero balance.

> 18. In June 2014, upon Plaintiff's resolution of a personal injury lawsuit and pursuant to their agreement, Plaintiff satisfied his debt in full with Reading Hospital, including debts associated with medical

> services rendered on February 25, 2012 and May 7,
> 2012.
>
> 19.   Notwithstanding the foregoing, Reading Hospital did
> not close the debt in question and instead continued to
> attempt to collect on the debt, absent legal justification
> and despite Reading Hospital's admission that the debt
> was satisfied and no longer Plaintiff's responsibility.

Pl.'s Am. Compl. ¶¶ 17-19.  Taking these allegations as true, Hall has sufficiently pled

justifiable reliance.  Hall and RHS came to a mutual agreement that Hall would pay his

medical debt from the proceeds of his personal injury settlement.  RHS represented in

writing to Hall that when Hall paid the agreed-upon amount his medical debts would be

satisfied and his account would reflect a zero balance.  Pursuant to the agreement, Hall

paid his debt in reliance on RHS's written representation that his payment would satisfy

his debt and bring his account balance to zero.  To the extent that RHS claims that Hall's

payment is "not the operative fact upon which Plaintiff's claims are based," I disagree.

Def.'s Reply 5.  Hall's complaint alleges that RHS's wrongful conduct originated in

RHS's misrepresentation that Hall's debt would be satisfied by his payment not, as the

defendant claims, in RHS's subsequent efforts to collect on a debt that had already been

satisfied.  Hall clearly alleges that RHS's misrepresentation that his account would be

satisfied induced him to make payment.

Furthermore, there are no allegations indicating that Hall's reliance on RHS's

misrepresentation was unjustifiable or that Hall's actions were misplaced.  Hall knew that

he owed payment to RHS, engaged in discussion with RHS in order to reach a payment

agreement and signed a written document delineating the terms of the agreement.  The

validity of the debt only serves to underscore Hall's reasonableness in paying the debt.

Under the circumstances, and in light of RHS's choice to pursue collections efforts after

Hall paid his debt, RHS's statement in its agreement with Hall could be seen as a

misrepresentation.  The "wrongful conduct" is the affirmative promise to satisfy his debt

when RHS apparently intended to pursue collection.  Accordingly, I find that Hall has set

forth sufficient factual allegations demonstrating that he justifiably relied on RHS's

wrongful conduct.

## IV.    CONCLUSION

Hall has sufficiently pled that he justifiably relied on RHS's deceptive conduct

and that he suffered ascertainable losses.  Therefore, I find that he has established a

plausible claim for relief under the FCEUA and the UTPCPL.  Accordingly, I am

denying the defendant's motion to dismiss.

An appropriate Order follows.